### ROSEN v. STATE BANK.

(City Court of New York, General Term. July 11, 1900.)

BANKS AND BANKING—PAYMENT OF DEPOSIT—IDENTIFICATION OF DEPOSITOR.
A person who presented a pass book at a bank failed to make a mark similar to that of the depositor, who was illiterate, but answered correctly questions as to his age, parents, and nativity, and was identified by another depositor. The place of business given by him was near the bank, but no investigation was made there. *Held*, that the bank failed to use proper care and diligence before paying the deposit, and was liable to the depositor for the amount of the deposit.

Appeal from trial term.

Action by Jacob Rosen against the State Bank. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Joseph I. Green, for appellant.
Carl L. Schurz, for respondent.

CONLAN, J. The action was brought by plaintiff to recover the sum of $200, being the amount of a deposit held by the defendant to the credit of Jacob Rosen, the plaintiff, and which was paid

out by the defendant to a person other than the one entitled. The occurrences, as detailed by the evidence adduced upon the trial, were sufficient to put the defendant on its guard. It appears that on a certain day the plaintiff, who was an illiterate man, lost or mislaid his bank book, and immediately notified the bank of this loss, when he was informed by one of the officers of the bank that the deposit had been paid the previous day, to a person who presented the book in question. The plaintiff, at the time of opening his account, being unable to write, made a mark in the signature book kept by the bank, and when the person who received the deposit from the bank on the day in question made a mark upon the check or memorandum it was discovered by the defendant's officers that the same was not identical with that of the depositor on the signature book, and the person asking for the deposit was made acquainted with this fact, and, as it appears, left the bank, and returned again later with a witness, who, it is insisted, identified him as the person entitled to receive the money. The plaintiff's witnesses, however, claim that this witness did not say that the person was Jacob Rosen, but that he simply stated he was a depositor. Whether or not this was sufficient to protect the bank was one of the questions submitted to the jury. Another circumstance appears, however, and which, if acted upon by the defendant, would have, in our opinion, been a complete protection to the defendant, and have prevented the occurrence. The place of business of the depositor was given as 165 Hester street, while the bank was located on Grand street, near Norfolk street. The distance between these two places is so short that it is strange the defendant did not at least make the effort by sending to 165 Hester street, and ascertaining the real truth of the situation; but the defendant appears to have become satisfied without making this effort, or, indeed, any effort, to ascertain for itself whether the person applying for the deposit was the real party entitled. We say again that the variance between the two marks—the one made at the time the account was opened, and the other at the time of the attempt to close the same—should have called for the exercise of a sound judgment, and not have been permitted to rest upon accident, surmise, or vague uncertainty. The defendant endeavors to explain its action by saying that it is seldom that a person makes two marks of a kind that are in any way similar in character; which is one way of admitting that sometimes, at least, this very circumstance may happen as it did in the case at bar. We do not think that the course of the bank, under all the circumstances, was the exercise of such a degree of care and intelligence as it was called upon to exercise.

An incident upon the trial is made the subject of an exception presented for our consideration on this appeal. The defendant claims it was prejudiced by the remarks of a juror made to counsel for the defendant. But upon an examination of what occurred, as the same appears in the record before us, we do not think that the juror was disqualified, or that the incident referred to had any effect upon the juror himself, or upon any of his associates, especially after the full disclaimer made to counsel, and upon all of the evidence of the case we

are unwilling to say that the verdict reached was not in all respects right and proper. For these reasons, judgment and order appealed from must be affirmed, with costs. All concur.